FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-CR-00032-TOR-1 |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE |
| v. | |
| JAMES REMINGTON, | **MOTION GRANTED IN PART AND DENIED IN PART (ECF No. 20)** |
| Defendant. | |

Before the Court is Defendant's Motion to Modify Conditions of Release ("Motion to Modify"), **ECF No. 20**. Defendant seeks to modify and/or strike release Condition No. 3 imposed by the Court at ECF No. 15.

Defendant is currently on supervised release in *United States v. James Remington*, No. 2:22-CR-00032-TOR and *United States v. James Remington*, No. 2:22-CR-00033-TOR. On May 2, 2022, Defendant appeared in both matters as a result of a petition for action, post-conviction, filed April 11, 2022, ECF No. 5, alleging violation, Nos. 1-2 ("Supervised Release Petition"). The Supervised Release Petition is the result of a pending state case in Okanogan County charging Defendant with Driving Under the Influence ("DUI Case") in violation of state law. ECF No. 5. The Supervised Release Petition states that breathalyzer tests administered to Defendant in relation to the DUI Case registered .248, .217/.219, and .217/.222. ECF No. 5 at 2.

ORDER - 1

During Defendant's initial appearance on May 2, 2022, in light of the serious allegations set forth in the Supervised Release Petition, the Court imposed Condition No. 3 as follows: "Defendant may not operate any vehicle unless an alcohol Interlock device assigned to Defendant is installed on the vehicle." ECF No. 15 at 2. Defendant now seeks relief from Condition No. 3 on the basis that the condition is a hardship on Defendant and an impediment to his ability succeed on supervised release in a variety of ways. **ECF No. 20**.

On August 23, 2022, the Court requested additional information concerning Defendant's DUI Case. ECF No. 21. On August 26, 2022, Defendant provided additional information. ECF No. 22. Defendant indicates that the DUI Case remains pending with an uncertain trial date. ECF No. 22 at 1. Defendant also indicates that the conditions imposed with regard to the DUI Case are minimal and do not include a breathalyzer condition and/or any requirement for an ignition interlock device. ECF No. 22 at 2; ECF No. 22-1 at 1.

The Court has reviewed Defendant's Motion to Modify Conditions of Release, **ECF No. 20**, and Defendant's Supplemental Briefing, ECF No. 22. The Court is fully informed.

Defendant's essential claim is that he cannot afford an ignition interlock device ("IID"). **ECF No. 20** at 4. Defendant notes that he currently works 25 hours per week as a cleaner at a rate of 16.50/hr and his employer is aware of his criminal history and supportive of his rehabilitation. **ECF No. 20** at 4-5. Defendant also claims he rides a bicycle seven miles each way to work. **ECF No. 20** at 5. Defendant further asserts that the IID requirement has prevented him from expanding his job duties by driving a parking lot sweeper and de-icing truck, which would in turn allow him to earn a higher wage of $25.00/hr and expand his work hours to 40 hours per week. **ECF No. 20** at 5.

The Court views gainful employment as an essential element of success on

supervised release.  The Court, however, is also concerned about community safety.  The Court cannot ignore that the Supervised Release Petition states that breathalyzer tests administered to Defendant in relation to the DUI Case registered .248, .217/.219, and .217/.222 in the middle of the day and that Defendant was contacted by law enforcement when his vehicle was "traveling at a high rate of speed." ECF No. 5 at 2.  Based on the foregoing then, as the Court understands Defendant's Motion to Modify Conditions, **ECF No. 20**, if the Court modifies Condition No. 3 in a way that will allow Defendant to expand his job duties, increase his work hours, and increase his current wage by approximately fifty percent from $16.50/hr to $25.00/hr. Defendant then should have funds to afford an IID device on his personal vehicle.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Modify Conditions of Release, **ECF No. 20**, is **GRANTED IN PART** and **DENIED IN PART**.  Release Condition No. 3, ECF No. 15, is modified as follows:

- **Condition No. 3:**  Defendant may not operate any personal motor vehicle unless an alcohol Interlock device assigned to Defendant is installed on the vehicle.  Defendant may operate work-related motor vehicles during work hours without an Interlock device if authorized by his employer.  Defendant must inform any employer who authorizes him to operate work-related motor vehicles of any pending alcohol related driving cases involving Defendant, including Case No. C35584-ORP pending in Okanogan County District Court.

**IT IS SO ORDERED.**

DATED September 12, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3